<div style="text-align: right;">
John H. Phillips (0043934)<br>
Trial Attorney for Defendant Courtney Richardson
</div>

### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Cynthia A. Logan, et al. | : | Case No. <u>1:09-cv-885</u> |
| Plaintiffs, | : | Judge <u>Spiegel</u> |
| vs. | : | <u>Defendant Courtney Richardson's</u> |
| | : | <u>Motion for Summary Judgment</u> |
| Sycamore Community School Board of Education, et al. | : | <u>Memorandum in Support and Affidavit</u> |
| | : | <u>of Courtney Richardson Attached for</u> |
| Defendants. | | <u>the Court's Consideration</u> |

Now comes Defendant Courtney Richardson, ("Defendant") by and through counsel, and without waiving any affirmative defense otherwise submitted in this matter, requests that the Court grant Summary Judgment in her favor, and against the Plaintiffs on the simple basis that the allegations set forth in the Complaint, do not create a cause of action against her, as she was not a party to any of the behavior alleged to have caused harm to Jessica Logan.

A Memorandum in Support and the Affidavit of Courtney Richardson is attached hereto for the Court's review and consideration in ruling on this Motion.

<div style="margin-left: 50%;">
Respectfully Submitted,

    /s/ John H. Phillips<br>
John H. Phillips (OH # 0043934)<br>
Trial Attorney for Defendant Courtney Richardson<br>
9521 Montgomery Road<br>
Cincinnati, OH  45242<br>
☏ (513) 985-2500<br>
🖷 FAX (513) 985-2503<br>
✉ email: JHP@PhillipsLawFirm.com
</div>

## MEMORANDUM IN SUPPORT

### I.     PROCEDURAL POSTURE AND BRIEF FACTUAL BACKGROUND

This case stems from the death of Jessica Logan, who admittedly and tragically took her own life on July 3, 2008. (Complaint at ¶¶ 13 and 31). Originally, Plaintiffs filed their Complaint *pro se* in the Hamilton County Court of Common Pleas on May 8, 2009. After filing, Plaintiffs obtained the assistance of counsel, who filed their appearance on May 28, 2009. Defendant Courtney Richardson filed an Answer to the Complaint on June 5, 2009, asserting various affirmative defenses, and denying liability for any of the alleged causes of action. On July 5, 2009, Courtney Richardson filed a Motion to Dismiss the Complaint, or in the alternative, a Motion for Summary Judgment. The Plaintiffs, through counsel, then filed a Rule 41(a) as to that Complaint on November 30, 2009, having conducted no discovery, and having never responded to Defendant Courtney Richardson's Motion to Dismiss or in the Alternative for Summary Judgment. (Docket from Hamilton County Court of Common Pleas attached as Exhibit A hereto.)

Two days later, on December 02, 2009, this cause of action was filed in Federal Court, again naming Defendant Courtney Richardson as one of the parties liable for the conduct that the Plaintiffs believe led to the death of their daughter. Defendant Courtney Richardson filed an Answer to the Federal Complaint on February 01, 2010, again asserting various affirmative defenses, and denying liability for any of the alleged causes of action.

Courtney Richardson now submits this Motion for Summary Judgment to the Court on the simple basis that she was not one of the people described in the Complaint who forwarded any photo of Jessica Logan to anybody, nor was she one of the people alleged in the Complaint that ever did anything to Jessica Logan to embarrass or torment her.

## II. SPECIFIC FACTS

During the 2007-2008 school year, Courtney Richardson was a student at Loveland High School, while Jessica Logan was a student at Sycamore High School. (Affidavit of Courtney Richardson, Copy attached hereto as Exhibit B, at ¶ 22). Courtney Richardson and Jessica Logan were friends. (Affidavit of Richardson at ¶¶ 7, 8, 18, and 21)). Courtney was aware that Jessica had taken nude photos of herself and sent them to boys, long before the issue in this case arose, but this did not affect the friendship between the two girls. (Affidavit of Richardson at ¶¶ 9 and 10).

In the spring of 2008, Courtney received a text message with a photo appearing to be of Jessica. (Affidavit of Richardson at ¶¶ 11-14). The photograph appeared to be of Jessica, taken in front of a mirror by Jessica, and did appear to have been taken in Jessica Logan's bedroom in Plaintiffs' house. (Affidavit of Richardson at ¶ 14).

The text message with the nude photo indicated that it originated from the cellular telephone known to be used by Ryan Salyers. (Affidavit of Richardson at ¶ 11). Courtney deleted the message from her phone immediately after receiving it. (Affidavit of Richardson at ¶ 15). Courtney did not forward the message or the photo to any other person, nor did she show the message or the photo to any other person. (Affidavit of Richardson at ¶¶ 16 and 17).

Courtney never harassed Jessica about taking nude photos of herself and sending those photos to other people. (Affidavit of Richardson at ¶ 18). Courtney never called Jessica names about the photos, never embarrassed her in front of other people about the photos, never threw objects at her for any reason, and never disrespected Jessica as a friend throughout their relationship as friends. (Affidavit of Richardson at ¶¶ 18-21). Furthermore, Courtney never sent text messages, made phone calls, or made internet messages to Jessica, her parents, or anybody

3

using any type of slur or similar epithet regarding Jessica. (Affidavit of Richardson at ¶ 20). Quite simply, assuming the allegations of abuse in the Complaint are true, Courtney Richardson was not one of the abusers. (Affidavit of Richardson at ¶ 18). Courtney was shocked and saddened that she lost a friend when Jessica committed suicide, expressed these sympathies to the Plaintiffs at their daughter's funeral, and together they grieved over the loss of a loved one. (Affidavit of Richardson at ¶¶ 24 and 25).

The only tension that ever occurred between Courtney Richardson and Jessica Logan occurred in the early summer of 2006, when the girls first met, due to a romantic interest that both girls had in the same boy. (Affidavit of Richardson at ¶¶ 4-6). However, by the end of the summer of 2006, the tension between the two girls over the boy had resolved, and the girls eventually became good friends, talking on the phone nearly every day to each other, right up to the time of Jessica Logan's death. (Affidavit of Richardson at ¶¶ 7-8). Other than the early summer of 2006 when Jessica Logan and Courtney Richardson both admired the same boy, for which they had forgiven each other, there was never any tension between Jessica Logan and Courtney Richardson. (Affidavit of Richardson at ¶ 21).

No one on earth may ever know exactly why Jessica Logan committed suicide. As to Courtney Richardson, Jessica Logan never indicated that she was being treated any differently at school as a result of any nude photo being circulated, and Jessica Logan talked to Courtney Richardson nearly every day. (Affidavit of Richardson at ¶¶ 8 and 23).

Quite simply, Plaintiffs are wrong about Courtney Richardson. Courtney Richardon is not liable for Jessica's decision to end her life, regardless of why she chose to do so. Accordingly, this Court must grant Defendant Courtney Richardson's Motion for Summary Judgment in this matter.

4

## III. APPLICABLE LAW

### A. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Fed.R.Civ.P. 56(c)*. A court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538, (1986)*. The moving party bears the initial burden of showing the absence of a genuine issue of material fact, but then the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)*; *Matsushita, 475 U.S. at 587*. However, the nonmoving party may not rest on the mere allegations in the pleadings. *Fed.R.Civ.P. 56(e)*; *Celotex, 477 U.S. at 324*.

Defendant Courtney Richardson is in the unenviable position in this case of proving the negative; she must prove that she was not involved in any of the behavior alleged to have caused the death of Jessica Logan. She has submitted her affidavit. It is now incumbent upon the Plaintiff to come forward with evidence, sufficient to show that there are facts beyond the mere allegations in their complaint, to support their allegations against this Defendant.

## IV. DEFENDANT COURTNEY RICHARDSON DID NOT INTENTIONALLY OR NEGLIGENTLY INFLICT EMOTIONAL DISTRESS ON JESSICA LOGAN OR THE

A fair reading of Plaintiffs' Complaint, alleges a single cause of action against her, split into two theories – first, Intentional Infliction of Emotional Distress, and second, Negligent Infliction of Emotional Distress. (Plaintiff's Complaint at ¶ 42).

5

### A. Plaintiffs' Claim For Intentional Infliction Of Emotional Distress Must Fail As To Defendant Courtney Richardson.

As for Plaintiff's Intentional Infliction of Emotional Distress claim, Ohio law requires the Plaintiffs to prove that Defendant Courtney Richardson: (1) intentionally engaged in (2) outrageous conduct "so extreme in degree, as to go beyond all possible bounds of decency" and that (3) the conduct proximately caused (4) serious emotional distress that no reasonable person could be expected to endure. *Bays v. Canty, 330 Fed. Appx. 594, 595 (6th Cir. Ohio 2009)*; Citing with approval in *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of America, 6 Ohio St. 3d 369, 6 Ohio B. 421, 453 N.E.2d 666, 671 (Ohio 1983)*, overruled on other grounds by *Welling v. Weinfeld, 113 Ohio St. 3d 464, 2007 Ohio 2451, 866 N.E.2d 1051, 1054 (Ohio 2007)); Monak v. Ford Motor Co., 95 F. App'x 758, 762 (6th Cir. 2004)*.

Liability only attaches where "'the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'" *Torres v. White, 46 F. App'x 738, 755 (6th Cir. 2002)* (quoting *Yeager, 6 Ohio St. 3d at 375, 453 N.E.2d at 671* (citation to Restatement (Second) of the Law, Torts 71, § 46(1) cmt. d (1965) eliminated)). The standard has also been described as requiring facts indicating conduct that a reasonable person could conclude is "beyond all possible bounds of decency." Cf. *Liadis v. Sears, Roebuck and Co., 47 F. App'x 295, 299 (6th Cir. 2002)* (declining to impose liability for intentional infliction of emotional distress when facts do not rise to quoted standard) (quoting *Yeager, 6 Ohio St. 3d at 374-75, 453 N.E.2d at 671*)); *Torres, 46 F. App'x at 756-57* (same).

Even assuming arguendo that Plaintiffs have presented evidence of all of the elements of their claim, Defendant Courtney Richardson was not the person responsible for any of the

6

actions causing the injury. Receiving a single text message on a cell phone with a nude photo, from a person over whom she had no control, and then deleting it without sending it to any other person does not create a cause of action.

## B. Plaintiffs' Claim For Negligent Infliction Of Emotional Distress Must Also Fail As To Defendant Courtney Richardson.

Similarly, Plaintiffs' claim for the negligent infliction of emotional distress also fails to evade summary judgment. Under Ohio law, the claim covers only those who are in the vicinity of an event, rather than the actual victim of an event. The Sixth Circuit has recognized that under Ohio law, "'[l]iability for negligent infliction of emotional distress arises where a bystander to an accident suffers serious and foreseeable emotional injuries.'" *Williams v. York Int'l Corp., 63 F. App'x 808, 814 (6th Cir. 2003) (quoting Tohline v. Cent. Trust Co., 48 Ohio App.3d 280, 549 N.E.2d 1223, 1228 (1988)). See also Wells v. City of Dayton, 495 F. Supp. 2d 797, 815 (S.D. Ohio 2006)*, and *Terry v. City of Columbus, 2008 U.S. Dist. LEXIS 52519 (S.D. Ohio July 1, 2008)*.

However, a plaintiff may only bring a claim for negligent infliction of emotional distress where "the plaintiff is cognizant of real physical danger to himself or another." *King v. Bogner, 88 Ohio App.3d 564, 569, 624 N.E.2d 364 (Ohio Ct. App. 1993)* (citation omitted) (the plaintiff could not maintain a claim for negligent infliction of emotional distress where she was not cognizant of any physical danger resulting from a slanderous statement); *Heiner v. Moretuzzo, 73 Ohio St.3d 80, 86-87, 1995 Ohio 65, 652 N.E.2d 664 (1995)* (Ohio courts have limited "recovery for negligent infliction of emotional distress to instances where the plaintiff has either witnessed or experienced a dangerous accident or appreciated the actual physical peril").

Although Plaintiffs' loss of their daughter Jessica rips at the very heart of our emotions, and certainly may have caused emotional distress, neither Plaintiffs nor their daughter Jessica

7

were in any physical peril. Defendant Courtney Richardson did no physical harm to Jessica Logan. "Jessica Logan hanged herself in her bedroom." (Complaint at ¶ 31). Further, in their Complaint, Plaintiffs do not allege they were cognizant of any physical danger to themselves or others. The Plaintiffs do not allege any awareness that their daughter was contemplating suicide. Therefore, this is simply not a case in which Plaintiffs can recover for negligent infliction of emotional distress. See *Wigfall v. Society Nat'l Bank, 107 Ohio App.3d 667, 670, 676, 669 N.E.2d 313 (Ohio Ct. App. 1995)* (where the plaintiff was falsely accused of robbing a bank and was subsequently arrested, fingerprinted, interrogated by FBI agents, and his picture was published in the newspaper and broadcast on television, his negligent infliction of emotional distress claim was denied because the defendant's negligence produced no actual threat of physical harm to him or any other person); see also *Doe v. SexSearch, 502 F. Supp. 2d 719, 730 (N.D. Ohio 2007)* (Plaintiff could not maintain a claim of negligent infliction of emotional distress where Defendant operated a dating site for various sexual rendezvous, and Plaintiff, who used the engaged in an evening of sex with a 14 year old female who lied about her age through the Defendant's dating site indicating that she was 18 years old, resulting in Plaintiff being charged with 3 felonies and being labeled a sexual offender for engaging in sex with a minor.)

Despite not being able to maintain a cause of action on the legal elements of a claim for negligent infliction of emotional distress, neither the Court nor the Plaintiffs can ignore the facts. Defendant Courtney Richardson did not engage in the conduct alleged in the Complaint. Quite simply, even *if* a cause of action existed, it does not exist against Defendant Courtney Richardson.

## V. CONCLUSION

Plaintiffs undeniably lost an irreplaceable part of their life when their daughter Jessica Logan committed suicide on July 3, 2008. Defendant Courtney Richardson lost a good friend also. However, there is no factual basis for Plaintiffs holding this Defendant responsible for any of their losses. Defendant Courtney Richardson was simply not one of the tortfeasors in this case. Summary Judgment should be granted in favor of Defendant Courtney Richardson so that she may move on with her life, and put her friend's death and this litigation behind her.

       /s/ John H. Phillips
John H. Phillips (OH # 0043934)
Trial Attorney for Defendant Courtney Richardson
9521 Montgomery Road
Cincinnati, OH 45242
✆ (513) 985-2500
📠 FAX (513) 985-2503
💾 email: JHP@PhillipsLawFirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served as follows:

☐ hand delivery,

**X** regular U.S. Mail, postage prepaid, to the addresses listed below

☐ facsimile to the fax number listed below

☐ email to the email address listed below

☐ other: through the PACER system of the United States District Court to all persons registered to receive such service in this cause of action through the emails listed below.

this 28th day of April, 2010, upon the following:

**Gary Edward Becker**
Dinsmore & Shohl -1
1900 Chemed Center
255 E 5th Street
Cincinnati, OH 45202
513-977-8200
513/977-8179 (fax)
gary.becker@dinslaw.com

**Jennifer Lynn Branch**
Gerhardstein & Branch Co. LPA
432 Walnut Street, Suite 400
Cincinnati, OH 45202
513-621-9100 x13
513-345-5543 (fax)
jbranch@gbfirm.com

**Stephanie Jo Cebulski**
191 W. Nationwide Blvd.
Suite 300
Columbus, OH 43215
scebulski@dinslaw.com

**Terrence Michael Donnellon**
Donnellon Donnellon & Miller - 1
9079 Montgomery Road
Cincinnati, OH 45242
513-891-7087
513-891-7187 (fax)
tmd@donnellonlaw.com

**Alphonse Adam Gerhardstein**
Gerhardstein & Branch Co. LPA
432 Walnut Street, Suite 400
Cincinnati, OH 45202
513-621-9100
513-345-5543 (fax)
agerhardstein@GBfirm.com

**Michael E Lively**
Markesbery & Richardson Co. LPA
2368 Victory Parkway, Suite 200
P.O. Box 6491
Cincinnati, OH 45206
513/961-6200
513/961-6201 (fax)
lively@m-r-law.com

**Michael W Sandner**
Pickrel Schaeffer & Ebeling - 3
2700 Kettering Tower
40 N Main Street
Dayton, OH 45423
937-223-1130
msandner@pselaw.com

**Kenneth Franklin Seibel**
Jacobs, Kleinman, Seibel & McNally
2300 Kroger Building
1014 Vine Street
Cincinnati, OH 45202
513/381-6600
513/381-4150 (fax)
kseibel@jksmlaw.com

**Ian R Smith**
McCaslin, Imbus & McCaslin - 1
The Provident Bank Building
632 Vine Street
Suite 900
Cincinnati, OH 45202
513-421-4646
irsmith@mimlaw.com

**Robert Jerome Surdyk**
Surdyk Dowd & Turner Co LPA
One Prestige Place
Suite 700
Miamisburg, OH 45342
937-222-2333
937-222-1970 (fax)
rsurdyk@sdtlawyers.com

**Ralph Gary Winters**
McCaslin, Imbus & McCaslin - 1
The Provident Bank Building
632 Vine Street
Suite 900
Cincinnati, OH 45202
513-421-4646
rgwinters@mimlaw.com

**Stephen Michael Yeager**
Patsfall Yeager & Pflum LLC - 1
205 W Fourth Street
Suite 1280
Cincinnati, OH 45202
513-721-4500
syeager@pyplaw.com

      /s/ John H. Phillips
John H. Phillips (OH # 0043934)

 

Logged in as: ATT046934 | Settings | Logout
Directions | Policies | Sitemap

SEARCH

Hamilton County Courthouse
1000 Main Street
Cincinnati, OH 45202

| ▲ Home | ▲ Court Records | ▲ Court Date | ▲ Forms | ▲ Services | ▲ Division Info |

## Case Summary

| | |
|---|---|
| **Case Number:** | A 0904647 |
| **Case Caption:** | ALBERT LOGAN vs. RYAN SALYERS |
| **Judge:** | JUDGE TO BE ASSIGNED |
| **Filed Date:** | 5/8/2009 |
| **Case Type:** | C320 - OTHER TORT- WRONGFUL DEATH |
| **Total Deposits:** | $ 721.00 Credit |
| **Total Costs:** | $ 451.00 |

**Case Options**

Case History
Case Schedules
Case Documents
 Document Request Form
Party/Attorney Information
Certified Mail Service
New Case Search
New Name Search
Add Case to My Portfolio

[ Printer Friendly Version ]

## Case History

| Doc | Image# | Date | Description | Amount |
|---|---|---|---|---|
| | | 11/30/2009 | SUNDRY ( CHECK ISSUED TO : ) GLENN A MARKESBERY | 270.00 |
| | | 11/30/2009 | MONEY RECEIVED & COST PAID BY GERHARDSTEIN & BRANCH | 142.00- |
| 📄 | | 11/30/2009 | DISMISSAL | |
| | | 9/4/2009 | JUDGE ASSIGNED CASE ASSIGNED TO ASSIGNED/JUDGE/TO/BE PRIMARY | |
| | | 9/4/2009 | JUDGE REASSIGNED CASE TRANSFERRED FROM MALLORY/WILLIAM/L PRIMARY | |
| 📄 | | 7/13/2009 | DEFENDANTS MARK A REIBER DONNA REIBER AND AMY REIBERS RULES 12C MOTION FOR PARTIAL DISMISSAL | |
| 📄 | | 7/7/2009 | DEF COURTNEY RICHARDSONS MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT | |
| 📄 | | 6/19/2009 | ANSWER OF DEFENDANTS SYCAMORE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION AND MICHAEL ANDERSON | |
| 📄 | | 6/15/2009 | NOTICE OF APPEARANCE | |
| 📄 | | 6/15/2009 | NOTIFICATION FORM FILED. | |
| 📄 | | 6/8/2009 | NOTIFICATION FORM FILED. | |
| 📄 | | 6/8/2009 | MOTION OF DEFENDANT RYAN SALYERS TO DISMISS | |
| 📄 | | 6/5/2009 | NOTIFICATION FORM FILED. | |
| 📄 | | 6/5/2009 | ANSWER TO THE COMPLAINT BY DEFENDANT COURTNEY RICHARDSON | |
| 📄 | | 6/4/2009 | STIPULATION FOR EXTENSION OF TIME TO PLEAD FOR DEFENDANTS SYCAMORE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION AND MICHAEL ANDERSON | |
| 📄 | | 6/3/2009 | NOTIFICATION FORM FILED. | |
| 📄 | | 6/3/2009 | NOTIFICATION FORM FILED. | |
| 📄 | | 6/3/2009 | NOTIFICATION FORM FILED. | |
| | | 6/3/2009 | INDEX ADJUSTMENT: PARTY NAME CHANGED FROM AMY REIBER (KMAS) TO REIBER AMY(MSEG) | |
| 📄 | | 6/3/2009 | DEFENDANTS CITY OF MONTGOMERY AND OFFICER PAUL PAYNE'S MOTION TO DISMISS | |
| 📄 | | 6/1/2009 | NOTIFICATION FORM FILED. | |



| | Date | Description | Amount |
|---|---|---|---|
| 📄 | 6/1/2009 | NOTIFICATION FORM FILED. | |
| 📄 | 6/1/2009 | ANSWER OF DEFENDANTS, MARK A. REIBER, DONNA REIBER, AND AMY REIBER WITH JURY DEMAND ENDORSED HEREON | |
| | 6/1/2009 | JURY DEMAND DEPOSIT BY M & R | 270.00- |
| 📄 | 5/28/2009 | NOTIFICATION FORM FILED. | |
| 📄 | 5/28/2009 | NOTIFICATION FORM FILED. | |
| 📄 | 5/28/2009 | NOTIFICATION FORM FILED. | |
| 📄 | 5/28/2009 | NOTIFICATION FORM FILED. | |
| 📄 | 5/27/2009 | NOTICE TO ALBERT LOGAN AS TO UNDELIVERED SERVICE ON JODI CLEEMAN  SERVICE TYPE: CERTIFIED MAIL SERVICE REASON CODE: DOES NOT LIVE HERE [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9889] | |
| 📄 | 5/27/2009 | NOTICE TO ALBERT LOGAN AS TO UNDELIVERED SERVICE ON EMILY STACHLER  SERVICE TYPE: CERTIFIED MAIL SERVICE REASON CODE: ATTEMPTED - NOT KNOWN [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9872] | |
| 📄 | 5/19/2009 | NOTIFICATION FORM FILED. | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO PAUL PAYNE ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9926] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO MICHAEL ANDERSON ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9919] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO SYCAMORE HIGH SCHOOL ON 05/13/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9902] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO CITY OF MONTGOMERY TERRENCE DONELLON LAW DIRECTOR ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9896] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO REIBER AMY ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9858] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO DONNA REIBER ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9841] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO MARK A REIBER ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9834] | |
| 📄 | 5/19/2009 | ELECTRONIC POSTAL RECEIPT RETURNED, COPY OF SUMMONS & COMPLAINT DELIVERED TO RYAN SALYERS ON 05/12/09, FILED. [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9810] | |
| 📄 | 5/19/2009 | NOTICE TO ALBERT LOGAN AS TO UNDELIVERED SERVICE ON COURTNEY RICHARDSON  SERVICE TYPE: CERTIFIED MAIL SERVICE REASON CODE: NOT DELIVERABLE AS ADDRESSED [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9865] | |
| 📄 | 5/19/2009 | NOTICE TO ALBERT LOGAN AS TO UNDELIVERED SERVICE ON SARAH JANE RAMSEY  SERVICE TYPE: CERTIFIED MAIL SERVICE REASON CODE: ATTEMPTED - NOT KNOWN [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9827] | |
| 📄 | 5/19/2009 | MOTION FOR DISCOVERY | |
| | 5/13/2009 | JUDGE ASSIGNED CASE ROLLED TO MALLORY/WILLIAM/L PRIMARY | |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO MICHAEL ANDERSON [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9919] | |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO PAUL PAYNE [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9926] | |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO EMILY STACHLER [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9872] | |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO COURTNEY RICHARDSON [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9865] | |
| | | CERTIFIED MAIL SERVICE ISSUED TO REIBER AMY [CERTIFIED MAIL | |

| | | |
|---|---|---|
| | 5/11/2009 | NBR.: 7194 5168 6310 0447 9858] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO DONNA REIBER [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9841] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO MARK A REIBER [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9834] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO SARAH JANE RAMSEY [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9827] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO RYAN SALYERS [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9810] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO JODI CLEEMAN [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9889] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO SYCAMORE HIGH SCHOOL [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9902] |
| | 5/11/2009 | CERTIFIED MAIL SERVICE ISSUED TO CITY OF MONTGOMERY TERRENCE DONELLON LAW DIRECTOR [CERTIFIED MAIL NBR.: 7194 5168 6310 0447 9896] |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO MICHAEL ANDERSON |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO PAUL PAYNE |
| 📄 | 5/11/2009 | SUMMONS ISSUED BUT UNABLE TO SERVE ON JOHN DOE |
| 📄 | 5/11/2009 | SUMMONS ISSUED BUT UNABLE TO SERVE ON JANE DOE |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO SYCAMORE HIGH SCHOOL |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO EMILY STACHLER |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO CITY OF MONTGOMERY TERRENCE DONELLON LAW DIRECTOR |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO COURTNEY RICHARDSON |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO JODI CLEEMAN |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO MARK A REIBER |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO SARAH JANE RAMSEY |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO RYAN SALYERS |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO REIBER AMY |
| 📄 | 5/11/2009 | SUMMONS ISSUED BY CERTIFIED MAIL TO DONNA REIBER |
| | 5/8/2009 | INITIAL CASE DEPOSIT PAID BY ALBERT LOGAN     309.00- |
| 📄 | 5/8/2009 | COMPLAINT FILED |
| 📄 | 5/8/2009 | CLASSIFICATION FORM FILED. |

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Cynthia A. Logan, et al. | : | Case No. 1:09-cv-885 |
| | : | |
| Plaintiffs, | : | Judge Spiegel |
| | : | |
| vs. | : | Affidavit of Defendant Courtney |
| | : | Richardson in Support of her Motion for |
| Sycamore Community School Board of Education, et al. | : | Summary Judgment |
| | : | |
| | : | |
| Defendants. | : | |

Now comes Courtney Richardson, n/k/a Courtney Oaks, and after being first duly cautioned and warned, states as follows:

1. My name is Courtney Oaks. I am an adult, in excess of 18 years of age.

2. I was formerly known as Courtney Richardson, but I have since married and taken my husband's last known and I am now known as Courtney Oaks.

3. The statements set forth in this affidavit are based upon my own knowledge.

4. I first met Jessica Logan during the early summer of 2006, between our Sophomore and Junior years in high school.

5. When I first met Jessica Logan, I was dating a boy in which Jessica Logan also seemed to have a romantic interest.

6. As a result, Jessica Logan and I were not immediate friends, due to the tension created over our mutual admiration of the same boy.

7. By the end of the summer of 2006, the tension between us had resolved, and she and I were friends without any tension between us.



EXHIBIT B

8. During my senior year, Jessica Logan and I became good friends, and she and I would spend time together at each other's home. We talked to each other on the phone nearly every day, which continued up to the time of her death.

9. I was aware that Jessica Logan had taken nude pictures of herself using her cell phone and had sent those photos to different boys.

10. My friendship with Jessica was not affected by Jessica sending nude pictures of herself.

11. In the spring of 2008, I received a text message that indicated the message originated from a cellular phone number that I recognized as belonging to Ryan Salyers.

12. I remember receiving the text message when I was at the Speedway gasoline station at Fields Ertel Road.

13. When I opened the text message, it included a nude photo of a female appearing to be Jessica Logan.

14. The female in the photo was taking her own picture in front of a mirror, naked, upright on her knees, holding her cell phone in front of her face. The picture appeared to be of Jessica Logan, and appeared to be taken in Jessica Logan's bedroom at her parents' house.

15. After viewing the message, I deleted it from my cellular phone.

16. I did not show the picture to any person before deleting it.

17. I did not forward the message or the photo to any other person, nor did I save it electronically, nor did I print it, nor did I disseminate the picture in any manner.

18. Jessica Logan and I were good friends all the way up to the time of her death. I never harassed her about the photos that she sent to boys, nor did I ever call her names such as "whore," "slut" and "skank" as alleged in the Complaint, and I never humiliated her in any way.

19. I never threw objects at Jessica Logan as described in the Plaintiff's Complaint, or in any other manner whatsoever.

20. I never sent text messages, made phone calls, or made internet messages to Jessica Logan or her parents using any type of slur or similar epithet regarding Jessica.

21. The only tension that ever existed between Jessica Logan and me was over the boy that we both admired when we first met, for which Jessica Logan and I both forgave each other, after which we became good friends.

22. I have no knowledge as to the events that are alleged to have occurred between Jessica Logan and students at Sycamore High School. I always attended Loveland High School, and Jessica attended Sycamore High School during the entire time that I knew her.

23. Jessica Logan never confided in me that she was being treated any differently by the other students at her high school as a result of any nude photo being circulated of Jessica.

24. I was shocked and saddened to learn that I had lost my good friend Jessica Logan to suicide.

25. I attended Jessica Logan's funeral, expressed my sympathies, and I cried with her parents at the funeral about our loss.

FURTHER AFFIANT SAYETH NAUGHT.

Respectfully submitted,

_Courtney Oaks_
Courtney Oaks
f/k/a Courtney Richardson

State of Ohio :
: ss
County of Hamilton :

On the 28th day of April, 2010, Courtney Oaks did personally appear before me, and after being duly cautioned and sworn, did attest to the facts set forth herein and did sign this document in my presence.

_/s/ John H. Phillips_
Notary Public

JOHN H. PHILLIPS
Attorney at Law
Notary Public, State of Ohio
My Commission Has No Expiration
Date. Section 147.03 O.R.C.

3